### OSCAR JENKINS

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed November 22, 1895.*

MILITARY SERVICE—*reasonable prudence and caution in selection of officers precludes recovery by soldiers poisoned by materials furnished.* Where the State has been reasonably prudent and cautious in the selection of its officers and in the performance of its duties to claimant, a claim for damages alleged to be due for injuries sustained from blood-poisoning resulting from handling soap and meat furnished by officers of the State for the use of a company of the National Guard of which claimant was a member, will be denied.

Oscar Jenkins, a private in Company H, Fourth Regiment, Illinois National Guard, while acting as cook for the company when on active duty in Chicago in July, 1894, became affected with blood poisoning, alleged to have been caused by handling meats or soap furnished by the officers of the State, for the use of the company.

Upon careful examination of the evidence in this case we fail to find any breach of duty on the part of the State which would result in a legal liability of the State for the injury complained of.

It does not appear from the testimony that the meats and soaps were not purchased from reputable dealers, or that the officers of the State, whose duty it was to furnish supplies to the company, had any notice of any

defects in the meats or soap, or that by the exercise of reasonable diligence and caution, could have discovered any such defect or unwholesome condition of either. It is not shown whether it was the meat or the soap that caused the injury complained of. The testimony does not disclose the performance of any act or the omission of any duty on the part of the officers in obtaining supplies for the company that would in any degree indicate an absence of prudence or forethought. In fact the evidence does not entirely satisfy us that it was the soap or meats that caused the injury. The witnesses give it as their opinion that it was either the soap or the meats, from the fact, as we infer, that they could account for it in no other way.

It does not appear from anything in the testimony, that any other person who used the soap, or who handled the meat from the time it left the slaughter house to the time it was consumed by the company, was injuriously affected to the slightest extent, and it is probable, to say the least, that if the cause of the injury was in the unwholesome or poisonous condition of the meat or soap, others handling same, would have been similarly affected.

From anything that is apparent in the testimony the State has been reasonably prudent and cautious, in the selection of its officers, and in the performance of its duties to claimant and his company, hence we find that the defendant is not guilty of such negligence or breach of duty as would create a legal liability in this case.

The claim is rejected.